IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1187-JG-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DERRICK BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. The government presented the testimony of an officer of the Durham County Sheriff's Office assigned to a task force for the Federal Bureau of Investigation. For the reasons stated below, the government's motion is GRANTED.

## Background

Defendant was charged in a one-count indictment returned in the Southern District of New York on 21 February 2013 with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (*i.e.*, crack) and one kilogram or more of a mixture or substance containing a detectable amount of heroin from at least in or about June 2012, up through and including in or about January 2013 in violation of 21 U.S.C. § 846. The activities of the alleged conspiracy included the purchase by North Carolina conspirators of crack and heroin from conspirators in New York City for distribution in this state. The government's witness testified that defendant participated in the conspiracy by traveling from North Carolina to New York City on 8 January

2013 with co-defendant Duane Brown and taking part in a transaction for the purchase of illicit drugs involving a confidential source.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the record developed before the court, including the information in the pretrial services report, shows by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if he were released. This alternative finding is based on, among other facts, the extended prison term defendant faces if convicted, his significant criminal record, the interstate nature of the conspiracy at issue and defendant's involvement in it, and his failure to appear on North Carolina drug charges brought against him in 2011, resulting in his arrest and incarceration.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

2

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2013.

James E. Gates
United States Magistrate Judge